United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 05-30424
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD RAY SMITH,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50095-1
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leonard Ray Smith appeals his conviction for possession with
the intent to distribute ecstasy and possession of a firearm in
furtherance of a drug-trafficking crime.  Smith argues that the
district court erred in denying his motion to continue the
suppression hearing and that the district court erred in denying
the motion to suppress the evidence.

This court will only overturn the denial of a motion to
continue if the defendant shows that the district court abused

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its discretion and that he suffered serious prejudice. United States v. Scott, 48 F.3d 1389, 1393 (5th Cir. 1995). Smith's contention that he was entitled to test the credibility of the confidential informant is incorrect. Further, the informant's testimony was irrelevant to the determination made by the district court regarding the suppression of the evidence. The district court did not abuse its discretion in denying the motion to continue.

Smith next contends that the district court should have granted the motion to suppress the evidence because the actions of the law enforcement officers violated his Louisiana constitutional rights. The reasonableness of the search under the Fourth Amendment is not dependent upon state law. United States v. Eastland, 989 F.2d 760, 766 (5th Cir. 1993); see also United States v. Walker, 960 F.2d 409, 415 (5th Cir. 1992).

Accordingly, Smith's conviction is AFFIRMED.